IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD WATERS, : | |
|     Petitioner, : | |
| : | |
|     v. : | CIVIL ACTION NO. 23-CV-1402 |
| : | |
| RANDY IRWIN, *et al.*, : | |
|     Respondents. : | |

## ORDER

**AND NOW**, this 24th day of July, 2025, upon consideration of Waters' Petition for a Writ of Habeas Corpus, Magistrate Judge Scott W. Reid's Report and Recommendation, Waters' Objection to the Report and Recommendation, and Waters' Motion for a Certificate of Appealability, I find the following:

**FACTUAL AND PROCEDURAL HISTORY**

1. On June 10, 2004, Aaron Kelly was leaving a friend's house with his son when he was shot and killed. The Commonwealth of Pennsylvania charged Gerald Waters for Kelly's murder in addition to conspiracy and possession of an instrument of a crime. The Commonwealth's theory was that Kevin Sampson, an employee at Waters' auto repair shop, shot Kelly at Waters' behest and direction. Sampson killed Kelly by shooting him from a car, and Waters was in the car next to Sampson at the time of the shooting. According to the Commonwealth, Waters ordered the killing out of jealousy – Kelly was an ex-boyfriend of Waters' girlfriend Erica Johnson, and a father to her son. Waters was found guilty on all charges and sentenced to life imprisonment without the possibility of parole.

2. The Pennsylvania Superior Court affirmed Waters' conviction, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal. Afterwards, Waters filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). The PCRA court

appointed Waters counsel, but Waters decided to proceed *pro se*. The PCRA court denied all claims Waters raised. Waters appealed to the Superior Court, which affirmed the PCRA court's decision. Waters then petitioned the Supreme Court of Pennsylvania, which denied his petition for allowance of appeal.

3. Waters then filed this present timely petition for a writ of habeas corpus. He raises three claims of ineffective assistance of counsel, all of which were raised in his PCRA petition. These claims are:

    - Trial counsel was ineffective for failing to object to the trial court's reasonable doubt instruction. (ECF 1 at 5.)
    - Trial counsel was ineffective for failing to seek out and present a supposed firearm belonging to a Philadelphia police officer that was allegedly connected to the case and not turned over to the defense. (Id. at 7.)
    - Trial counsel was ineffective for failing to object to multiple abuses of discretion by the trial judge and seek recusal of the trial judge. (Id. at 9.)

4. Waters' petition was referred to Magistrate Judge Reid for a Report and Recommendation pursuant to Local Civil Rule 72.1.IV(c). Judge Reid's Report and Recommendation recommended dismissing Waters' petition in its entirety. (ECF 27.) Waters then filed objections to the Report and Recommendation. (ECF 31.) For reasons outlined below, I adopt Judge Reid's Report and Recommendation, overrule Petitioner's objections, and dismiss the petition.

**DISCUSSION**

5. When a federal court reviews a claim that has been adjudicated on the merits by the state court, 28 U.S.C § 2254(d) permits a federal court to grant a petition for habeas relief only if: (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication "resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1–2). Factual determinations made by the state court are presumed to be correct. Id. § 2254(e)(1). To succeed a petitioner must rebut this presumption by clear and convincing evidence. Id.

6. To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was constitutionally deficient, and counsel's actions prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1983).

7. Counsel's conduct is presumed to fall within the wide range of professional assistance, and it is the petitioner's burden to overcome the presumption that the challenged action might be considered sound trial strategy. Id. at 689-90. The inquiry is highly deferential, and courts are conscious to avoid the effects of hindsight bias. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002) (citing Strickland v. Washington, 466 U.S. at 689–90). The mere existence of alternative or more effective trial tactics does not satisfy the requirement of demonstrating ineffectiveness. Marshall, 307 F.3d at 86.

8. To prove prejudice, the petitioner needs to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id.

9. A court need not determine whether counsel's performance was deficient before looking for prejudice. Id. at 697. In fact, if it is easier to dispose of an ineffectiveness claim for lack of prejudice, then the court should do so. Id.

10. Under 28 U.S.C § 636(b)(1)(B) a district court judge may designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. In

the Eastern District of Pennsylvania, Local Civil Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. The petitioner must specifically identify the portions of the proposed findings, recommendations, or report he objects to and the basis for such objections. E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b). After objections are made, a district judge shall conduct a de novo determination of the portions of the report that were objected to. 28 U.S.C. § 636(b)(1)(C). However, despite review being de novo, a district court judge is permitted to rely upon the magistrate judge's proposed findings and recommendations to the extent the judge, in the exercise of sound discretion, deems proper. Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to de novo review. Catellanos v. Theresa Delbalso, No. 19-03578, 2022 U.S. Dist. LEXIS 141218, at *1 n.1 (E.D. Pa. 2022).

11. Waters has raised three claims in his petition – all based on ineffective assistance of his trial counsel. Magistrate Judge Reid's Report and Recommendation recommends dismissing all three of Waters' claims, thereby dismissing his petition in its entirety. Waters objects to the recommendation made by Magistrate Judge Reid to dismiss all the claims. For reasons discussed below, I will adopt Magistrate Judge Reid's Report and Recommendation and dismiss all of Waters' claims.

12. Many of Waters' other objections are difficult to decipher. It appears that many objections, particularly to legal principles and their application in this case, are just Waters rehashing arguments he raised in his petition. These objections are without merit. To the extent Waters is objecting to Judge Reid's description of the procedural history, I find nothing that substantiates this objection. See Williams v. Tice, No. 22-245, 2024 U.S. Dist. LEXIS

5776, at *11 (E.D. Pa. 2024) (citing Steward v. Grace, 362 F. Supp. 2d 608, 620 (E.D. Pa. 2005) (explaining that objections to procedural history are generally irrelevant and do not impact habeas petitions).

13. Waters' first claim is that his counsel was ineffective for failing to object to the trial court's reasonable doubt instruction. The reasonable doubt instruction given to the jury included a hypothetical involving a medical decision for a family. (ECF 1 32–33.) Magistrate Judge Reid concluded that the hypothetical used by the trial court was unconstitutional and constituted an unreasonable application of federal law. (ECF 27 at 11.) However, Judge Reid found that Waters' claim would still fail, because Waters did not suffer prejudice as a result of counsel's failure to object to the instruction. (Id. at 12.)

14. I agree with Judge Reid's findings that even if Waters' counsel objected to the hypothetical, there would not be a reasonable probability that his outcome would have been different. During trial, Erica Johnson testified that Waters confessed to the crime. Commonwealth v. Waters, No. 3150 EDA 2019, 2021 Pa. Super. Unpub. LEXIS 618, at *2 (Pa. Super. Ct. 2021). Evidence was presented that Waters was known to dislike Aaron Kelly, disapproved of his relationship with Johnson, and had a history of harassing and threatening Kelly. Id. Furthermore, Aaron Kelly's son witnessed the crime and identified Waters as a perpetrator. Id. Even though Waters objects to these factual findings in his objections, these facts were determined by the state court and Waters has not demonstrated by clear and convincing evidence these facts are not correct. Taken together, this evidence substantiates Waters' conviction notwithstanding a deficient reasonable doubt instruction.

15. Waters next claims that his counsel was ineffective for failing to present evidence related to the firearm used in the murder. According to Waters that weapon originated with the

5

Philadelphia Police Department and was therefore not owned by him. The state court ruled that counsel was not ineffective for this failure because the court viewed the weapon as a non-viable strategy to prove Waters' innocence, and Magistrate Judge Reid concluded that this determination was not contrary to nor an unreasonable application of federal law. I agree.

16. As stated above, petitioner must prove prejudice, which he cannot do. The state court found no prejudice as it would not have influenced the jury. (ECF 1 at 38–39.) The Commonwealth argued that Waters ordered someone else to complete the murder. Waters not owning the gun is consistent with that theory. Furthermore, the state court noted that the jury was already aware of the fact that Waters did not own or possess the murder weapon. (Id. at 38.) Magistrate Judge Reid concluded that these findings by the state court are supported by the record, and I agree. As such, there is no reasonable probability that the result would have been different.

17. Waters also claims that the prosecution withheld the gun in violation of Brady v. Maryland. 373 U.S. 83 (1963). Neither the state court nor Judge Reid addressed this claim. Under Brady, the prosecution cannot withhold evidence that is exculpatory and material. Id. at 87. The materiality prong is practically identical to the prejudice prong under Strickland. See Johnson v. Folino, 705 F.3d 117, 128–29 (3d Cir. 2013) (using a definition of material that is the exact same definition of prejudice under Strickland). Brady evidence is material if there is a reasonable probability that the result of the trial would have been different. United

States v. Bagley, 473 U.S. 667, 681-82 (1985). As the failure to present this evidence at trial lacked prejudice, so too does the failure to turn over the evidence lack materiality.

18. Waters' final claim is that his counsel was ineffective for failing to object to the trial judge's alleged abuse of discretion and refusing to seek the trial judge's recusal. In the section of Waters' petition where he raises this claim, he lists four instances of specific conduct by the trial judge that Waters believes were abuses of discretion. (ECF 1 at 9.) Judge Reid interpreted Waters to be raising these instances of conduct as subclaims in his petition and found them to be procedurally defaulted. (ECF 27 at 3 n.3, 19.) However, throughout his objections, Waters states that these four instances of conduct are not actual claims he is raising, but rather, evidence to support his claim that counsel was ineffective for not objecting to the trial judge's overall behavior or seeking the trial judge's recusal. (ECF 31 at 25.) To the extent that these four instances of conduct are actual claims Waters is raising, I agree with Judge Reid that they are procedurally defaulted.

19. Taking Waters' argument at face value that these four instances of conduct are examples of overall abuse of discretion, it does not demonstrate ineffective assistance. The state court concluded that Waters' claim was not supported by the record and that the trial judge had a cordial relationship with both sides throughout trial. (ECF 1 at 39–40.) Judge Reid agreed with the assessment of the state court, and so do I. As such, Waters' claim will be denied.

20. As the Waters' request for Habeas relief will be denied, I must next address Waters' request for a certificate of appealability. In habeas proceedings, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists could disagree with the district court's resolution of

his habeas petition or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For the reasons explained below Waters has made no substantial showing of the denial of a constitutional right as reasonable jurists would not disagree with Court's resolution of his habeas claims.

**WHEREFORE**, it is hereby **ORDERED** that:

21. The Report and Recommendation is **APPROVED** and **ADOPTED**;

22. Waters' Objections are **OVERRULED**;

23. The Petition for Writ of Habeas Corpus is **DENIED**;

24. Waters' Motion for a Certificate of Appealability is **DENIED**, as there is no probable cause to issue a certificate of appealability;

25. Waters' Motion for Leave to Correct the Record is **DENIED** as Waters' Objections were originally filed in the correct order;

26. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
_____
**MITCHELL S. GOLDBERG, J.**