IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD WATERS,

*Plaintiff,*

v.

RANDY IRWIN, et al.,

*Defendants.*

CIVIL ACTION
NO. 23-1402

## MEMORANDUM ORDER

**AND NOW**, this 13th day of November, 2025, it is **ORDERED** that Gerald

Waters's Motion to Alter Judgment (Dkt. No. 35) and Supplemental Application for

Certificate of Appealability (Dkt. No. 36) are **DENIED**.

On June 10, 2004, Kevin Sampson shot and killed Aaron Kelly—who was

walking home from a friend's house with his six-year-old son—at the "behest" of

Waters. *Commonwealth v. Waters*, No. 3150 EDA 2019, 2021 WL 841034, at *1 (Pa.

Super. Ct. Mar. 5, 2021). Waters apparently ordered the killing because Kelly fathered

his girlfriend's son. *Id.* In July of 2008, a Pennsylvania state-court jury convicted

Waters of first-degree murder, possessing an instrument of crime and criminal

conspiracy. *Id.* He received a life sentence. *Id.* After a full round of appeals in the

state courts and the completion of state post-conviction review, Waters filed a Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Magistrate Judge Reid issued a

Report and Recommendation recommending the petition's denial. On July 24, 2025,

after reviewing the record, Judge Goldberg adopted the R&R in full, denied the petition

and issuance of a COA. On August 18, Waters filed a motion under Federal Rule of

Civil Procedure 59(e), asking the Court to alter or amend the denial of his habeas

1

petition and COA.  To obtain relief under Rule 59(e), Waters must show (relevant here) "a clear error of law or fact to prevent manifest injustice."  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Waters focuses on two of Judge Goldberg's rulings.

Waters first claimed his lawyer provided ineffective assistance by failing to object to the state trial judge's reasonable-doubt jury instruction.  Judge Goldberg held that even if Waters's lawyer performed incompetently, Waters suffered no prejudice. (Order at 5, Dkt. No. 34.)  Waters contends Judge Goldberg clearly erred because his lawyer's failure to object qualifies as a structural error that automatically meets *Strickland*'s prejudice test.  That's wrong.  Even if a trial lawyer performs ineffectively by failing to object to a reasonable-doubt jury instruction, courts must ask whether the petitioner suffered prejudice.  *Baxter v. Superintendent Coal Township, SCI*, 998 F.3d 542, 548 (3d Cir. 2021).  Waters next argues Judge Goldberg clearly erred in finding no prejudice.  Also incorrect.  In gauging prejudice, courts may look to the strength of the State's case against the petitioner.  *Id.* at 549.  And here, Judge Goldberg carefully explained why the State's evidence against Waters was substantial.  For example, one person testified Waters confessed to the crimes, one witness identified Waters as a perpetrator, Waters had the motive to commit the crimes and Waters previously threatened the victim.  *See Waters*, 2021 WL 841034, at *1.

Waters next claimed the prosecution violated his due process rights by failing to disclose certain evidence related to the murder weapon.  *See Brady v. Maryland*, 373 U.S. 83, 86 (1963).  Judge Goldberg held that Waters failed to show *Brady* materiality—a reasonable probability the suppressed evidence would have produced a

different verdict.  *See* (Order at 5–7); *Strickler v. Greene*, 527 U.S. 263, 289 (1999).  To begin, the Court finds it difficult to identify the evidence the prosecution allegedly failed to disclose.  Waters says, "Physical evidence connecting an agent of government to a murder with a state issued firearm was clearly [prejudicial]."  (Mot. to Alter or Amend a J. at 8, Dkt. No. 35.)  In any event, Judge Goldberg explained that the State offered substantial evidence against Waters and that any possible evidence related to the murder weapon would not have likely changed the jury's verdict.  (Order at 5–7.)  No clear error occurred.

Lastly, Waters asserts "[t]rial counsel's admission that he could be objecting all morning but just letting the record due process violation move alon[g] was a constitutional violation ant[i]thetical to *Strickland*'s prejudice prong."  (Mot. to Alter or Amend J. at 6.)  Waters never raised this claim in the state courts or before Judge Goldberg.[1]

BY THE COURT:

**_/s/ Gerald J. Pappert_**
Gerald J. Pappert, J.

---

[1]    To the extent Waters argues Judge Goldberg clearly erred in denying him a certificate of appealability, he is wrong.  No reasonable judge could disagree with Judge Goldberg's resolution of Waters's claims.